**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH WASHINGTON | : | |
| | : | |
| Appellant | : | No. 515 WDA 2025 |

Appeal from the Judgment of Sentence Entered November 14, 2024
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000631-2024

BEFORE: BOWES, J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:         **FILED: March 10, 2026**

Keith Washington appeals from the judgment of sentence imposed on November 14, 2024, for his convictions of driving under the influence ("DUI"), careless driving, and driving on roadways laned for traffic.[1] Washington asserts there was insufficient evidence for his DUI conviction. The Commonwealth concedes it presented insufficient evidence. We agree with both parties and therefore reverse the conviction for DUI, vacate the judgment of sentence, and remand for resentencing.

We obtained the following factual and procedural history from the certified record. On May 2, 2023, Washington suffered a blow out to one of

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(d)(2), 3714(a), and 3309(1), respectively.

his tires. He went to the Pittsburgh International Airport for assistance, as his cell phone was not working properly. Allegheny County Police Officer Eric Speakman, around 3:11 a.m., was dispatched to the security gate where Washington stopped his vehicle. Officer Speakman saw the blown tire and asked Washington if he wanted him to call a tow truck. Washington said yes, and Officer Speakman called a tow truck. The tow truck operator assisted Washington in changing the blown tire. A spare, also called a donut tire, was put in its place. Officer Speakman did not smell marijuana or notice any signs of intoxication during his encounter with Washington. Washington left the airport around 4 a.m., driving on the spare tire.

Approximately two hours later, somewhere around 6:00 to 6:30 a.m., Trooper Vincent White was dispatched to an accident on Turnpike Toll Road 576. Trooper White explained that "if you were leaving the airport, and you went on [Road 576] … I believe it was in the area of [mile marker] 1.5." N.T. Suppression/Trial, 10/24/24, at 6. The vehicle involved in the accident was found up against the roadside barrier wall. It appeared the vehicle had hit the median barrier wall and then came to rest against the roadside barrier wall. The driver was not at the scene of the accident.

Trooper White continued to drive down Road 576 and found Washington about a mile away. Washington's hand was bandaged and he explained to Trooper White that his hand was injured in the accident. Washington told Trooper White he lost control of the vehicle because of the spare tire about

- 2 -

two hours prior to Trooper White finding him. During this conversation, Trooper White smelled marijuana on Washington. Trooper White further noticed Washington had glassy, bloodshot eyes. As the conversation progressed, Washington became agitated and seemed confused at times.

Trooper White searched Washington then had him perform field sobriety tests. Trooper White requested another trooper respond to conduct Advanced Roadside Impaired Driving Enforcement ("ARIDE") sobriety tests. Corporal Tanner Barnhart responded and had Washington complete two more tests. At the conclusion of the tests, both troopers believed Washington was under the influence to a degree he could not safely drive a vehicle. Trooper White placed Washington under arrest and requested he submit to a blood draw. Washington refused the blood draw.

Trooper White charged Washington by criminal complaint on December 22, 2023, with DUI and related charges. Washington filed a motion to suppress an illegal search of his person on October 14, 2024. Washington proceeded to a suppression hearing on October 24, 2024. After the conclusion of the suppression hearing, the trial court granted the suppression motion. Immediately thereafter, the trial court proceeded to a bench trial, incorporating the testimony from the suppression hearing. At the conclusion of the bench trial, the court took the matter under advisement. On November 14, 2024, the trial court found Washington guilty as noted above and sentenced him on the DUI conviction to 30 days of house arrest with electronic

monitoring and a concurrent 6 months of probation. No further penalty was imposed for careless driving and driving on roadways laned for traffic.

Washington filed a post-sentence motion on November 19, 2024, asserting the evidence was insufficient to sustain the DUI conviction and, alternatively, that the verdict as to DUI was against the weight of the evidence. An order denying the post-sentence motion by operation of law was filed on May 1, 2025.[2] Washington filed his notice of appeal that same date. The trial court ordered Washington to file a Rule 1925(b) statement, and he complied. *See* Pa.R.A.P. 1925(b). The trial court authored its Rule 1925(a) opinion on August 18, 2025.

Washington raises one issue for our review:

Was the evidence presented at trial insufficient as a matter of law to sustain Mr. Washington's conviction for [DUI] where the Commonwealth failed to prove that Mr. Washington was under the influence at the time he drove his vehicle?

Appellant's Brief, at 3.

---

[2] A post-sentence motion is denied by operation of law if not ruled upon "within 120 days[.]" Pa.R.Crim.P. 720(B)(3)(a). "When a post-sentence motion is denied by operation of law, the clerk of court shall forthwith enter an order on behalf of the court … that the post-sentence motion is deemed denied." Pa.R.Crim.P. 720(B)(3)(c). Here, that order was not entered until May 1, 2025, 163 days after the post-sentence motion had been filed. "This Court has found that a court breakdown occurs when the clerk of court fails to enter an order notifying the appellant that his post-sentence motion was denied by operation of law." *Commonwealth v. Parrish*, 191 A.3d 31, 35 n.9 (Pa. Super. 2018) (citation omitted). We therefore find there was a breakdown in court operations and the notice of appeal filed on May 1, 2025, was timely filed.

Washington argues the Commonwealth failed to prove when the accident occurred, only that it was sometime between 4:00 and 6:00 a.m. *See id.* at 10-11. Washington notes that the evidence presented shows he was not intoxicated when he left the airport at 4:00 a.m. after getting assistance changing his tire. *See id.* at 11. Washington claims Trooper White did not come upon Washington until over two hours later, outside of his crashed vehicle, approximately one mile away, and there was no evidence presented as to when he used marijuana. *See id.* at 11-12.

The Commonwealth concedes they did not present sufficient evidence. *See* Appellee's Brief, at 11. The Commonwealth comments on the trial evidence as follows:

> [T]he evidence at trial was insufficient to prove that [Washington] had ingested a controlled substance prior to driving his vehicle. While the evidence established that [Washington] was the driver of the vehicle at the time of the accident, there was no evidence presented at trial regarding his driving between the time he left the airport and the accident. Moreover, it is unclear how much time elapsed between when [Washington] left the airport and the accident, or between the time of the accident and when Trooper White encountered him walking down the median in the road.

*Id.* at 17. We agree with both parties, and commend the Commonwealth for its candor in addressing this issue.

Our standard of review is well-established:

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not

- 5 -

preclude every possibility of innocence. It is within the province of the factfinder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the offense by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our [judgment] for that of the factfinder.

*Commonwealth v. Luberto*, 344 A.3d 41, 45 (Pa. Super. 2025) (brackets and citation omitted).

Washington was convicted of DUI under subsection 3802(d)(2), which provides:

An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

\*\*\*

(2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(2).

The Commonwealth was required to prove three elements: "1) that the defendant drove; 2) while under the influence of a controlled substance; and 3) to a degree that impair[ed] the defendant's ability to drive safely." *Commonwealth v. Marberger*, 344 A.3d 403, 411 (Pa. Super. 2025) (internal quotation marks and citation omitted). The issue here is with the second element. The Commonwealth did not present evidence as to whether Washington drove while under the influence of a controlled substance.

The evidence established that Washington was driving his vehicle. His tire blew out while driving near the airport, so he stopped for assistance. Between approximately 3:11 a.m. and 4:00 a.m., Officer Speakman interacted with Washington. Officer Speakman did not notice any signs of impairment and did not smell an odor of marijuana. Sometime after the tire was changed to a spare donut tire Washington was in an accident. This accident occurred sometime between 4:00 and 6:00 a.m. There is no further evidence as to when this accident occurred. Washington told Trooper White the accident occurred approximately two hours prior to their interaction.

When Trooper White found Washington, not near his vehicle, Trooper White noticed the odor of marijuana and asked Washington to submit to field sobriety tests. After those tests, Trooper White opined that Washington was under the influence of a controlled substance. As such, the Commonwealth only proved the first and third elements: that Washington drove, and at some point later he was under the influence of a controlled substance that impaired his ability to drive. However, the Commonwealth did not establish that impairment was before or during the time Washington drove his vehicle.

We note that an accident can constitute circumstantial evidence of impairment. *See Commonwealth v. Segida*, 985 A.2d 871, 880 (Pa. 2009). Yet, here, there was evidence as to the cause of the accident: Washington told Trooper White the spare tire, a donut tire, that was recently put on caused him to lose control of the vehicle. There was evidence supporting the fact that

the spare tire was recently put on the vehicle and that, at that time, Washington was not under the influence of a controlled substance. We therefore agree with both parties that the evidence was insufficient to convict Washington of DUI and we reverse that conviction. However, because our decision may upset the overall sentencing scheme, we remand for a new sentencing hearing. **See Commonwealth v. Thur**, 906 A.2d 552, 569 (Pa. Super. 2006) ("If our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan.") (citation omitted). We note that due to the sentence on the DUI, the trial court did not sentence Washington on the careless driving and driving on roadways laned for traffic convictions, both summary offenses.

Judgment of sentence vacated, DUI conviction reversed, case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/10/2026